Matter of Lushchinsky (2022 NY Slip Op 04965)

Matter of Lushchinsky

2022 NY Slip Op 04965

Decided on August 17, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2020-09525

[*1]In the Matter of Anna Lushchinsky, also known as Anna Lushchinskaya, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Anna Lushchinsky, also known as Anna Lushchinskaya, respondent. (Attorney Registration No. 4256608) 

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 17, 2004. By decision and order on motion dated May 25, 2021, this Court directed the respondent to show cause at a hearing before the Honorable Charles J. Thomas, as Special Referee, pursuant to 22 NYCRR 1240.12(c)(3)(iii), why a final order of suspension, censure, or disbarment should not be made based on her November 20, 2019 conviction in the Supreme Court, Kings County, upon a plea of guilty, of menacing in the second degree, in violation of Penal Law § 120.14(1), a class A misdemeanor.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
After a prehearing conference on July 8, 2021, and a hearing on September 22, 2021, the Special Referee filed a report dated December 2, 2021, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has not submitted any papers in response or sought additional time in which to do so.
The Criminal Conviction 
On June 28, 2018, the respondent was arrested and charged with committing assault in the third degree against two passengers on a New York City subway car by spraying them with a chemical liquid, causing irritation and burning to their eyes and faces, in violation of Penal Law § 120.00, a class A misdemeanor.
On December 11, 2018, the respondent was arrested and charged with assault in the second degree, in violation of Penal Law § 120.05(1), a class D felony. The incident underlying this charge, which occurred on a crowded New York City subway car, was captured on video. Initially, the respondent repeatedly cursed at the victim. The respondent then methodically took off her sunglasses, placed them in her pocketbook, tied her hair back, and took her keys and umbrella from her pocketbook. The respondent used her legs and umbrella to strike the victim. Although a bystander tried to block the respondent, the respondent continued striking the victim.
On January 30, 2019, the respondent was indicted on 13 counts of criminal conduct for the incidents occurring on June 28, 2018, and December 11, 2018: assault in the second degree, [*2]in violation of Penal Law § 120.05(2); assault in the third degree (two counts), in violation of Penal Law § 120.00(1); menacing in the second degree (two counts), in violation of Penal Law § 120.14(1); menacing in the third degree (two counts), in violation of Penal Law § 120.15; harassment in the second degree (three counts), in violation of Penal Law § 240.26(1); attempted assault in the third degree (two counts), in violation of Penal Law §§ 110.00 and 120.00(1); and attempted assault in the second degree, in violation of Penal Law §§ 110.00 and 120.05(2).
On November 20, 2019, in the Supreme Court, Kings County, the respondent was convicted, upon a plea of guilty, of menacing in the second degree, in violation of Penal Law § 120.14(1), a class A misdemeanor, in full satisfaction of the indictment. On January 22, 2020, the respondent was sentenced to two years of probation, 15 days of community service, and a one-day anger management program, and was directed to pay a $175 surcharge, a $50 DNA fee, and a $25 crime victims assessment fee. A six-year final order of protection was also issued.
The Special Referee's Report 
The Special Referee found that the respondent was "totally indifferent and disrespectful" at the prehearing conference, which was held virtually on July 8, 2021. During the prehearing conference, the respondent interrupted the Grievance Committee's counsel several times, stating that she was at a hotel and needed to check out. She denied that she was convicted of a crime, repeatedly stated, "Nobody cares," and told the Grievance Committee's counsel to cut his remarks short. The respondent did not appear at the hearing.
In his report, the Special Referee found that the respondent "did not acknowledge her conduct, show an ounce of remorse and vehemently denied any wrongdoing and her conviction." Despite her denial that she had been convicted of a crime, a certificate of conviction was admitted into evidence, and it was "conclusive evidence of the respondent's guilt of that crime in any disciplinary proceeding instituted against the respondent based on the conviction" (22 NYCRR 1240.12[d]).
The Special Referee further noted that the respondent did not inform this Court and the Grievance Committee of her criminal conviction as required under Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
The Special Referee concluded that the respondent did not demonstrate why a final order of suspension, censure, or disbarment should not be made.
Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent failed to meet her burden of establishing why this Court should not issue a final order of public discipline. Thus, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline to impose, we have considered that at the prehearing conference, the respondent was indifferent, lacked decorum, and showed no remorse or acceptance of responsibility. The Court has also considered, inter alia, the nature of the criminal conduct in this matter and the respondent's failure to attend the hearing and failure to submit any mitigating evidence. Notwithstanding the respondent's lack of a disciplinary history, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of three years.
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER , JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Anna Lushchinsky, also known as Anna Lushchinskaya, is suspended from the practice of law for a period of three years, commencing September 16, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 16, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Anna Lushchinsky, also known as Anna Lushchinskaya, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Anna Lushchinsky, also known as Anna Lushchinskaya, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Anna Lushchinsky, also known as Anna Lushchinskaya, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court